# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

Mark Ardito,

      *Plaintiff*,

   v.

Solvay S.A., Solvay Specialty Polymers USA, LLC

      *Defendants*.

Civil Action No. 1:21-cv-00142-JAW

## MOTION TO DISMISS OF DEFENDANT SOLVAY S.A. WITH INCORPORATED MEMORANDUM OF LAW

Defendant Solvay S.A. submits this Motion to Dismiss and Incorporated Memorandum ("Motion") and respectfully requests the Court to dismiss Plaintiff Mark Ardito's ("Ardito") Complaint and Demand for Jury Trial and Injunctive Relief ("Complaint") in full as to Solvay S.A. pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).

## INTRODUCTION

In another example of Ardito's overreach in this action, he has sued a foreign company that he has not sufficiently pleaded is his employer and taken the positon that he need not comply with standard requirements for proper service. Ardito is wrong. Because he cannot meet his burden to plead both (i) that he has properly served Solvay S.A.; and (ii) that this Court has personal jurisdiction over Solvay S.A., his claims against Solvay S.A. must be dismissed in full.

## BACKGROUND

Solvay S.A. is a Belgian corporation, organized under the laws of Belgium, with its principal place of business in Brussels, Belgium. *See* Decl. of Jeffry Koenig (Koenig Decl.) ¶ 4. It has no contacts with Maine. *Id*. Nor was it involved in the matters Ardito has alleged. *Id.* ¶ 6. Nevertheless, Ardito has named Solvay S.A. as a defendant in this action and attempted— unsuccessfully—to serve it with process by leaving a copy of the summons and complaint with

Corporation Service Company. *Id.* ¶ 7. But Corporation Service Company is not authorized to accept service of process on Solvay S.A.'s behalf. *Id.* ¶ 9. Neither is Solvay Specialty Polymers USA, LLC ("SSP"). *Id.* There is no basis to include Solvay S.A. in this action.

## ARGUMENT

**I.      The Claims Against Solvay S.A. Should Be Dismissed For Insufficient Service Of Process.**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied." *CCP Int'l Shipping v. Bankers Ins. Co.*, 2019 WL 1745671, at *2 (D. Mass. Apr. 18, 2019) (quotation omitted). With due respect for other sovereign nations, foreign companies like Solvay must be served in compliance with the Hague Service Convention. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). Among other things, that includes using the designated central authority (and often the local court system) for the fellow contracting nation, such as Belgium in this circumstance. The mere "fact that a defendant has actual notice of the lawsuit is insufficient to establish personal jurisdiction" if the appropriate service has not been made. *CCP Int'l Shipping*, 2019 WL 1745671, at *2; *see also Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23–24 (1st Cir. 1992). "Where," as here, "the sufficiency of process is challenged under Rule 12(b)(5), the plaintiff bears the burden of proving proper service." *CCP Int'l Shipping*, 2019 WL 1745671, at *2; *see also Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 n.2 (1st Cir. 1986).

In this case, Ardito has *not* served Solvay S.A. with process. Instead, he has improperly tried to bypass the applicable Hague Convention requirements by serving an entirely separate entity in the United States.

On May 18, 2021, Ardito's counsel filed purported "proofs of service on Defendants Solvay S.A. and Solvay Specialty Polymers, USA, LLC" with the Maine Superior Court for Kennebec County. *See* Koenig Decl., Exh. A at 1–4. Notably, Ardito attempted to serve process on Solvay S.A. by serving a copy of the Complaint and Summons with Corporation Service Company at 45 Memorial Circle in Augusta, Maine. *Id.* at 4. Corporation Service Company is

the registered agent for service of process for SSP, *see* Koenig Decl. ¶ 8; *see also* Maine Dep't of the Sec. of State, https://icrs.informe.org/nei-sos-icrs/ICRS?CorpSumm=20130237FC, but it *is not* a registered agent for service of process for Solvay S.A. *See* Koenig Decl. ¶ 9. Likewise, SSP is not authorized to accept service on Solvay S.A.'s behalf. *Id.*.

Solvay S.A. has no record of Ardito attempting to serve it in any way other than through SSP's service agent, Corporation Service Company—let alone in compliance with the Hague Service Convention. *Id.* ¶ 10. And Ardito has made no attempt to represent to the Court that he actually served Solvay S.A. appropriately. Thus, Ardito has not properly served Solvay S.A. with process, and his claims against it should therefore be dismissed.

**II.     Ardito's Claims Against Solvay S.A. Should Be Dismissed Because This Court Lacks Personal Jurisdiction Over Solvay S.A.**

Nor has Ardito pleaded facts sufficient to establish personal jurisdiction over Solvay S.A. When a district court's subject matter jurisdiction is based upon a federal question, the constitutional limits of the court's personal jurisdiction are fixed by the Due Process Clause of the *Fifth* Amendment. *U.S. v. Swiss Am. Bank, Ltd*, 274 F.3d 610, 618 (1st Cir. 2001) (quoting *United Elec. Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992)).[1] To establish personal jurisdiction consistent with constitutional limitations, the plaintiff must allege "sufficient contacts" between the defendant and the "forum." *Swiss Am. Bank*, 274 F.3d at 618. In a federal question case, where the applicable statute authorizes nationwide service of process, such as the False Claims Act here, the relevant "forum" is the United States as a whole. *Id.*[2]

"A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." *Swiss Am. Bank*, 274 F.3d at 618 (quotations omitted). "Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a

---

[1] When a district court's subject matter jurisdiction is based upon the parties' diversity, the constitutional limits are fixed by the Due Process Clause of the Fourteenth Amendment. *See United Elec. Workers*, 960 F.2d at 1085.

[2] In a diversity case, the relevant "forum" is the state in which the action is pending. *Swiss Am. Bank*, 274 F.3d at 618*; see also United Elec. Workers*, 960 F.2d at 1085.

defendant's forum-based activities." *Id.* (quotations omitted). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *Id.* (internal quotations and citations omitted). For general jurisdiction, the defendant's contacts must be sufficient to make them "at home" in the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "[F]or either type of jurisdiction," in addition to the existence of sufficient "minimum contacts," the defendant's contacts with the state must be "purposeful" and "the exercise of jurisdiction must be reasonable under the circumstances." *Harlow v. Children's Hospital*, 432 F.3d 50, 57 (1st Cir. 2005). A court may not exercise personal jurisdiction over a party with *no* contacts to the forum. *See generally id.*

Ardito has not met his burden to plead facts sufficient for this Court to exercise either specific or general jurisdiction over Solvay S.A. Courts in the First Circuit routinely grant motions to dismiss for lack of personal jurisdiction where, as here, the plaintiff alleged legal conclusions and not supporting jurisdictional facts. For example, in *Malden Transportation, Inc. v. Uber Technologies, Inc.*, 286 F. Supp. 3d 264 (D. Mass. 2017), seven taxi medallion holders sued Uber Technologies, Inc. ("Uber") and two of its founders for unlawful competition in violation of Massachusetts common law and the Massachusetts Consumer Protection Act. *Id.* at 268. The founders moved to dismiss based on lack of personal jurisdiction, arguing that the plaintiffs had not alleged facts to show that the court could exercise general or specific jurisdiction over them.

As to general jurisdiction, the court held that where the plaintiffs alleged only "in conclusory fashion" that the founders were subject to general jurisdiction because they "regularly engag[ed] in persistent courses of conduct in the Commonwealth of Massachusetts through the Uber ride-hailing service," such "threadbare statement[s]" as to the founders in their individual capacities were insufficient to establish the court's general jurisdiction over them. *Id*. at 270. Likewise, the court held that the plaintiffs failed to plead facts sufficient to establish specific personal jurisdiction because they did not "allege facts that demonstrate a nexus between the [founders'] contacts and the plaintiff's cause of action." *Id*. at 271. Although the plaintiffs alleged

that the founders played a role in the general management of Uber, which had operations in Massachusetts, *id.*, the plaintiffs did not allege that the founders made "decisions about Uber's operations in Massachusetts or even traveled to the Commonwealth." *Id.* at 271–72. Other recent First Circuit court decisions likewise emphasize that a plaintiff must sufficiently plead facts to show personal jurisdiction exists. *See also. Galletly v. Coventry Health, Inc.*, 956 F. Supp. 2d 310, 314 (D. Mass. 2013) (finding that plaintiff's allegations were "insufficient to provide a basis for personal jurisdiction" over the defendant); *Wang v. Schroeter*, 2011 WL 6148579, at *5 (D. Mass. Dec. 9, 2011) (finding that plaintiff had "shirk[ed] his burden of establishing facts sufficient to sustain specific jurisdiction over the individual defendants" because he pleaded "no facts alleging that any individual defendant either 'purposefully availed' him or herself of the privileges of doing business in Massachusetts, or" participated in the acts giving rise to his claims).

Here, Ardito has failed to allege any **facts** supporting the existence of a minimum connection between Solvay S.A. and this forum. As an initial matter, the only time he attempts to plead facts specific to Solvay S.A., he instead makes the allegations regarding a *different* company, Solvay N.A. *See* Compl. ¶¶ 6-7.

In truth, it appears that Ardito attempts to meet his burden of establishing personal jurisdiction merely by lumping Solvay S.A. in with Solvay Specialty Polymers USA, LLC, referring to them collectively as "Solvay," *see* Compl. ECF No. 1-1 at 1, and then alleging that he was "jointly employed by both Defendants, which are operated as an integrated, single enterprise," *id.* ¶ 9. As the Court is well-aware, even at this stage, it need not accept as true such threadbare legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). Yet Ardito alleges **no facts** whatsoever to support that legal conclusion regarding joint employment. The only *facts* that Ardito seemingly attempts to allege about Solvay S.A. are found in two paragraphs of his Complaint (paragraphs 6 and 7), where he makes basic allegations regarding the size and general policies of "Solvay N.A." Even overlooking the fact that these allegations purportedly relate to an entity other than Solvay S.A., they do not come close to showing that

Solvay S.A. had continuous or systematic contacts with the United States or Maine such that Solvay S.A. could be considered "at home" in either jurisdiction. *Id.* Nor do these threadbare statements establish a connection between Solvay S.A. and Ardito's pleaded claims, or that Solvay S.A. purposefully availed itself of the benefits and protections afforded by Maine or its laws.

At bottom, Ardito's attempt to hail a Belgian company into Maine federal court contravenes United States' courts respect for other sovereigns. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014) (paying heed "to the risks to international comity" posed by an "expansive view of" personal jurisdiction over foreign entities). Accordingly, this Court should grant Solvay S.A.'s motion and dismiss Ardito's claims against it.

## **CONCLUSION**

Solvay S.A. should be dismissed from this action because: (1) Ardito has failed to properly effectuate service of process Solvay S.A.; and (2) even if Ardito properly served Solvay S.A., he has failed to allege sufficient facts permitting this Court to exercise personal jurisdiction over it. Accordingly, Solvay S.A. should be dismissed from this case.

Dated: June 8, 2021

                Respectfully Submitted,


                */s/ Joshua A. Randlett*
                Joshua A. Randlett
                Rudman Winchell
                84 Harlow Street
                Bangor, Maine 04402
                207-992-4455
                jrandlett@rudmanwinchell.com

                Rick Bergstrom*
                Scott Morrison*
                Jones Day
                4655 Executive Drive, Suite 1500
                San Diego, CA 92121-3134
                858-314-1118
                rjbergstrom@jonesday.com
                scottmorrison@jonesday.com

                B. Kurt Copper*
                Jonathan D. Guynn*
                Jones Day
                2727 N. Harwood Street
                Dallas, TX 75210
                214-969-5163
                bkcopper@jonesday.com
                jguynn@jonesday.com

                *Attorneys for Defendant Solvay Specialty Polymers USA, LLC*

                * *Admitted Pro Hac Vice*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that the foregoing was filed through the Court's ECF system on June 8, 2021, notice of which will be sent electronically to all counsel of record.

>  */s/ Joshua A. Randlett*
> Joshua A. Randlett
> Rudman Winchell
> 84 Harlow Street
> Bangor, Maine  04402
> 207-992-4455
> jrandlett@rudmanwinchell.com
>
> *Attorneys for Defendant Solvay Specialty Polymers USA, LLC*